IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| TNI Packaging, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Perdue Farms, Inc.<br><br>Defendant. | Case No.: 05C 2900<br><br>Hon. Ronald Guzman<br><br>Magistrate Judge Nolan |
|---|---|

## PLAINTIFF TNI PACKAGING, INC.'S MOTION TO COMPEL ADDITIONAL DEPOSITION TESTIMONY OF JAMES MARTIN BOOTH

Plaintiff TNI Packaging, Inc. ("TNI") moves the Court to compel additional deposition testimony of James Martin Booth ("Mr. Booth"), an employee of the defendant Perdue Farms, Inc., ("Perdue") based on Perdue's counsel's (Mr. Booth's counsel's) improper objection and instruction not to answer a question during his deposition. During Mr. Booth's deposition, Perdue's counsel objected to a question on the basis that Mr. Booth's response *may* provide privileged information and instructed Mr. Booth not to answer. Both Mr. Booth and Perdue's counsel admitted during the deposition that they did not know whether the information sought is protected by attorney client privilege.

During the duly noticed deposition of Mr. Booth on January 19, 2006, counsel for TNI questioned Mr. Booth regarding meetings with employees of Volk Enterprises, Inc. ("Volk"). Volk, not a party to this law suit, supplies a part to Perdue that is used in the accused process. Mr. Booth testified that he had discussions with two representatives of Volk regarding the TNI patent during 2004.[1] One discussion was with a Volk sales representative and the other was with

---

[1] TNI's counsel will bring a copy of the transcript designated confidential to the hearing on January 26, 2006 for the Court's review. The Court has not yet entered the Stipulated Protective Order filed by the parties and therefore the parties cannot file any materials under seal.

Mr. Volk. Mr. Booth testified that he recalls a conversation with Mr. Volk regarding the TNI patent. TNI's counsel then asked Mr. Booth the following question: "what do you recall about that conversation about the patent in that second meeting?" Perdue's counsel objected to the question as seeking attorney client privileged information and instructed Mr. Booth not to answer the question. Mr. Booth followed Perdue's counsel's advice and refused to answer TNI's question.

Upon further inquiry, Mr. Booth testified that he remembered the substance of his conversation with Mr. Volk and he does not know whether Mr. Volk was relaying legal advice provided by an attorney. In a discussion between counsels on the record at the deposition, Perdue's counsel confirmed that he had no knowledge of the substance of the discussion between Mr. Booth and Mr. Volk. Despite admittedly having no basis for objecting on the grounds of privilege, Perdue's counsel maintained his objection and instructed Mr. Booth not to answer the question.

TNI asks the Court to compel Perdue to produce Mr. Booth for a continued deposition in Chicago to answer the question Mr. Booth refused to answer on the basis of an improper objection and improper instruction not to answer including any reasonable follow up questions and for Perdue to pay all costs and fees associated with the continued deposition.

Dated: January 24, 2006   Respectfully submitted,

                                              s/ Janice V. Mitrius
                                              Jon O. Nelson (ID No. 02031728)
                                              Timothy C. Meece (ID No. 06226967)
                                              Janice V. Mitrius (ID No. 06243513)
                                              Michael J. Harris (ID No. 6280168)
                                              BANNER & WITCOFF, LTD.
                                              10 South Wacker Drive
                                              Suite 3000
                                              Chicago, IL 60606

Tel.   312.463.5000
Fax.   312.463.5001

Attorneys for Plaintiff,
TNI Packaging, Inc.

## CERTIFICATION UNDER LOCAL RULE 37.2

Pursuant to Local Rule 37.2, counsel for Plaintiff hereby certifies that counsel for Plaintiff, Mr. Meece, has conferred with counsel for Defendant, Mr. Frankel, and cannot agree about the disposition of the present dispute regarding Defendant's objection and instruction to a witness not to answer a question on the basis of possible attorney client privilege. On January 19, 2006, the parties discussed the present dispute on the record of the deposition of Mr. James Booth. During the discussion, Perdue's counsel confirmed that Perdue would maintain its position regarding the objection and instruction not to answer despite not knowing whether the response to the question would reveal any attorney client privilege information. Counsel for Plaintiff indicated on the deposition record that it would seek the assistance of the Court. The parties have been unable to resolve the dispute and require the intervention of the Court.

s/ Janice V. Mitrius
Janice V. Mitrius

One of the Attorneys for Plaintiff,
TNI Packaging, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2006 a true and correct copy of PLAINTIFF TNI PACKAGING, INC.'S MOTION TO COMPEL ADDITIONAL DEPOSITION TESTIMONY OF JAMES BOOTH and CERTIFICATION UNDER LOCAL RULE 37.2 was electronically filed using the CM/ECF System which will send notification of such filing to the following:

>   Roy E. Hofer (rhofer@usebrinks.com)
>   William H. Frankel (wfrankel@usebrinks.com)
>   Stephanie J. Felicetty (sfelicetty@usebrinks.com)
>
>   Attorneys for Defendant,
>   Perdue Farms, Inc.

___s/Janice V. Mitrius___
Attorney for Plaintiff
